IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE ADAMS, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. CV 02-B-2610-S |
| ALLSTATE INSURANCE COMPANY; BRAD RANKIN, | ) |
| Defendants. | ) |

ENTERED
SEP 29 2003

## MEMORANDUM OPINION

This case is presently pending before the court on defendant Rankin's Motion to Dismiss, (doc. 3),[1] defendant Allstate's Motion for Protective Order, (doc. 19), and plaintiff's Motion to Remand, (doc. 9), Motion to Dismiss Without Prejudice, (doc. 15), Motion to Amend, or, in the Alternative, Motion for Rule 54(b) Certification, (doc. 16), and Motion for Order to Set Pending Motions for Oral Argument, (doc. 18). For the reasons set forth below, the court is of the opinion that plaintiff's Motion to Dismiss Without Prejudice, (doc. 15), is due to be granted and the case is due to be conditionally dismissed without prejudice. All remaining motions are due to be denied as moot.

Plaintiff has filed a Voluntary Motion to Dismiss Without Prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides that "an action shall not be dismissed at the plaintiff's

---

[1]Reference to document number, ["Doc."], refers to the number assigned to each document filed in the court's record.



instance save upon order of the court and upon such terms and conditions as the court deems proper." The Eleventh Circuit has held:

> "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001)(quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986); *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967))(emphasis in original).

Defendant contends, "[V]oluntary dismissal without prejudice is improper following removal from state court based on the fraudulent joinder of a non-diverse defendant." (Doc. 17 at 12 (citing *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1197-98 (S.D. Miss. 1989)). It contends that a "tactical dismissal [is] improper and should not be allowed." (*Id.*) Also, it argues that "plaintiff's request for voluntary dismissal without prejudice is simply a device to avoid federal jurisdiction and reassert his claims in the state forum where his complaint was originally filed." (*Id.* at 13.)

However, the Eleventh Circuit has held that "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *McCants*, 781 F.2d at 857. Also, "the mere prospect of the transfer of litigation to state court was an insufficient basis for denying the motion for voluntary dismissal. 'Ordinarily the mere fact that a plaintiff prefers the state courts ought not to prevent his discontinuing his

2

suit; one court is as good as another.'" *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987)(quoting *Young v. Southern Pacific Co.*, 25 F.2d 630, 632 (2d Cir. 1928)(Learned Hand, J., concurring)).

The court finds that defendants have not established that they will suffer clear legal prejudice if plaintiff's claims are dismissed without prejudice. Therefore, plaintiff's Motion to Dismiss Without Prejudice is due to be granted.

Defendants, in their Opposition to Plaintiff's Motion to Dismiss, asks the court to impose the following conditions on dismissal:

> (1) plaintiff's reimbursement of defendants' attorneys fees and expenses associated with removal of the case, dismissal of the fraudulently joined defendant, and opposition to the motion to remand; (2) a written order dismissing defendant Rankin with prejudice; and (3) any other conditions deemed necessary to avoid duplicitous litigation, promote judicial economy in the event the case is again removed to this court and avoid the manipulation of the legal process.

(Defs. Opp. to Mot. to Dismiss at 3-4 n.1.) The court finds no cause to dismiss the claims against Rankin with prejudice.[2] Also, the court will not impose any limitations on plaintiff's right to re-file his claims against defendants in state court. However, the court finds that a condition that plaintiff reimburse defendants for a portion of the expenses they incurred is appropriate.

In the Eleventh Circuit –

> A plaintiff ordinarily will not be permitted to dismiss an action without

---

[2]The court notes that defendants contend that plaintiff's Complaint fails to state a claim against defendant Rankin. Dismissal for failure to state a claim generally is a dismissal without prejudice and it is appropriate to allow plaintiff leave to amend. Therefore, the court finds no cause to dismiss the claims against Rankin with prejudice.

> prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation. Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees. Where a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit.

*McCants*, 781 F.2d at 860. "Courts impose few or no conditions early in a case, where the defendant at most faces the mere prospect of re-litigation in another forum." *Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 549 (S.D. Ga. 1997).

The court notes that defendants have "only been put to limited expense in defending this action. Neither party has conducted any discovery . . . no trial date has been set." *Der v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 346 (M.D. Fla. 1992). However, the court notes that defendants have incurred expenses "researching and pressing legal arguments that will not be useful in the later suit," such as responding to plaintiff's Motion to Remand and his Motion to Amend. *See McCants*, 781 F.2d at 860. Therefore, the court will condition its dismissal of plaintiff's claims without prejudice on the condition that plaintiff pay defendants' reasonable expenses, including attorneys' fees, incurred in researching and pressing legal arguments that will not be useful in the later suit.

Because the court finds that plaintiff's Motion to Dismiss Without Prejudice is due to be granted, the remaining motions are due to be denied as moot.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that plaintiff's Motion to Dismiss Without Prejudice is due to granted, with the condition that plaintiff pay defendant its reasonable expenses, including attorneys' fees, incurred in researching and pressing legal arguments that will not be useful in the later suit. The remaining motions are due to be denied as moot. An Order granting plaintiff's Motion to Dismiss Without Prejudice, under the conditions set forth above, and denying the remaining motions as moot will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 26th day of September, 2003.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
United States District Judge