IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 SEP 27 AM 10:04

| | | |
|---|---|---|
| GEORGE ADAMS, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | CASE NO. CV 02-B-2610-S |
| | } | |
| ALLSTATE INSURANCE COMPANY; BRAD RANKIN, | } | |
| | } | ENTERED |
| Defendants. | } | SEP 27 2004 |

## MEMORANDUM OPINION

Currently before the court is a Motion to Alter, Amend, or Vacate filed by plaintiff George Adams. (Doc. 22.) Plaintiff requests that the court provide for equitable tolling of the statute of limitations to enable plaintiff to properly re-file his complaint or, in the alternative, the court's order be vacated and the action remanded to state court. (Doc. 22 at 1.) As a second alternative, plaintiff requests the court vacate its order and rule upon the other motions pending at that time. (*Id.*) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's Motion to Alter, Amend, or Vacate is due to be denied.

I.   **Procedural History**

Defendants removed this action from state court on October 23, 2002. (Doc. 1.) Defendants then filed a Motion to Dismiss on October 30, 2002. (Doc. 3.) Plaintiff filed a Motion to Remand this action to state court on November 22, 2002. (Doc. 9.) The court entered a briefing schedule on the Motion to Remand, and argument on the motion was heard on January 9, 2003. (Doc. 10.) Plaintiff filed a Motion to Dismiss without prejudice pursuant to Fed. R.

Civ. P. 41(a)(2) on January 22, 2003. (Doc. 15.) The court entered an opinion and order on September 29, 2003 granting plaintiff's Motion to Dismiss, and dismissed all claims without prejudice. (Docs. 20, 21.) On October 9, 2003, plaintiff filed a Motion to Alter, Amend, or Vacate, which is the subject of this opinion. (Doc. 22.)

**II.     Standard of Review**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a "motion to alter or amend a judgment . . . no later than 10 days after entry of the judgment." Fed. R. Civ. P 59(e). There are no specific grounds for relief provided in Rule 59(e), and "[t]he decision to alter or amend judgment is committed to the sound discretion of the district judge." *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Sonnier v. Computer Programs & Systems, Inc.*, 168 F. Supp. 2d 1322, 1336 (S.D. Ala. 2001) (citation omitted). There are four general grounds for granting a Rule 59(e) motion to reconsider an order: "(1) manifest errors of law or fact upon which the judgment was based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice in the judgment; and (4) an intervening change in the controlling law." *McNair v. Campbell*, 315 F. Supp. 2d 1179, 1182 (M.D. Ala. 2004). "Reconsideration of a previous order is an *extraordinary* remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sonnier*, 168 F. Supp. 2d at 1336. "Rule 59(e) may not be used to relitigate old matters or to

present arguments or evidence that could have been raised prior to judgment." *McNair*, 315 F. Supp. 2d at 1182 (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).

### III. Discussion

Plaintiff moves the court to alter or amend its September 29, 2003 Order to provide for equitable tolling of the statute of limitations. The general rule states "that the filing of a lawsuit which later is dismissed without prejudice does not automatically toll the statute of limitations." *Justice v. United States*, 6 F.3d 1474, 1478-79 (11th Cir. 1993); *see also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."). As the Seventh Circuit has noted, when a "suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). In order to obtain equitable tolling, plaintiff must show that he was reasonably diligent during the period of time that he seeks to have tolled. *See, e.g., Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996) (citing *Heck v. Humphrey*, 997 F.2d 355, 357-58 (7th Cir. 1993) ("There must be [due] diligence, and the diligence must continue up to the time of suit—you cannot be diligent for a year, and then wait another year to sue.")). "[P]rinciples of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "[B]y electing to move for voluntary dismissal . . . , plaintiff assume[s] the risk that a refiled action [will] be barred

procedurally." *Hewlett v. Russo*, 649 F. Supp. 457, 461 (E.D. Va. 1986).   Alabama has no "renewal statute allowing for the extension of the statute of limitations upon the dismissal of a suit." *Freer v. Potter*, 413 So. 2d 1079, 1082 (Ala. 1982).

It is clear from the law that equitable tolling is not a guaranteed or automatic right in Alabama. Whether a court should provide for equitable tolling depends on the circumstances. In *Justice v. United States*, the court found that "[t]he interests of justice side with the defendant when the plaintiff does not file her action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running, . . . [and] when [plaintiff] fails to act with due diligence . . . ." 6 F.3d at 1479 (citations omitted).  Plaintiff's performance of due diligence is merely a necessary but not sufficient condition to qualify for equitable tolling. *Id.*

In the instant case, plaintiff was, or should have been, aware of the statute of limitations deadlines for each of his claims. Although plaintiff's motion to voluntarily dismiss the lawsuit in federal court was filed several months before any limitations period ran and before a ruling was entered on the motion, it was plaintiff's duty, not the court's, to know that the court had not issued an order as of the date the limitations period expired. Plaintiff was not prevented, and had ample opportunity, to file a motion to withdraw his voluntary motion to dismiss without prejudice between the date the limitations period expired in August 2003, and September 29, 2003. Also, plaintiff could have filed a motion, prior to September 29, 2003, notifying the court that the limitations period had run, and requesting that the court's order provide for equitable tolling of the statute of limitations. Despite ample opportunity on plaintiff's part to inform the court, the fact remains plaintiff failed to so inform it, prior to its September 29, 2003 ruling, that the limitations period had run on several of his claims.

As noted above, whether to alter or amend a judgment pursuant to Rule 59(e) is a decision "committed to the sound discretion of the district judge." *Lawson*, 85 F.3d at 507 (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)). "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990). The denial of a Rule 59(e) motion is proper when the court earlier granted plaintiff the relief he sought. *Id.* "The function of a motion to alter or amend a judgment is not to . . . give the moving party another "bite at the apple" by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) (citation omitted).

The court finds none of the four grounds for granting a Rule 59(e) motion have been met in this case. It is clear there was no error of law or fact upon which the order was based, that there is no new or previously unavailable evidence, and that the law has not changed. *See McNair*, 315 F. Supp. 2d at 1182. Plaintiff essentially argues that if the Court's Order stands, he will suffer "manifest injustice in the judgment." *Id.* However, the Court's order granted plaintiff the relief he sought. In accordance with the law,[1] the Court granted plaintiff's motion for voluntary dismissal of this action, with the condition that plaintiff reimburse defendants for a portion of the expenses they incurred, to prevent injustice to either party.

Plaintiff could have raised the statute of limitations issue prior to the court's order, but failed to do so. Plaintiff should have foreseen the results of his motion and the resulting order

---

[1] *See McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986).

issued by the court. Plaintiff had ample opportunity to raise the statute of limitations issue prior to and after the limitations period expired, and he has failed to address any reasons why it was not raised prior to the court's ruling. Accordingly, this court finds plaintiff has failed to articulate adequate or sufficient reason for the court to alter or amend its order of September 29, 2003.[2]

## IV.   Conclusion

For the reasons stated herein, the court is of the opinion that defendant's Motion to Alter, Amend, or Vacate the court's September 29, 2003, Order is due to be denied. An Order will be entered contemporaneously with this Opinion.

**DONE** this the 27th day of September, 2004.

                                            */s/ Sharon Lovelace Blackburn*
                                            **SHARON LOVELACE BLACKBURN**
                                            United States District Judge

---

[2] As defendants note in their Opposition to plaintiff's motion, plaintiff has not asked the court to withdraw his voluntary dismissal motion. Plaintiff may wish to consider moving this court to reopen his case. Of course, the court would consider any opposition by defendants to a motion to reopen.